UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID KRAYBILL,

    Plaintiff,

        v.

DAVID MAINS, DONNA DANIEL, and
AFFORDABLE INMATE SERVICES, LLC,

    Defendants.

Case No. 21-cv-1235-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). Plaintiff David Kraybill relies on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) to bring this suit in federal court. The Court has noted the following defects in the jurisdictional allegations of Kraybill's Complaint (Doc. 2):

1.    **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company. Kraybill has not alleged the citizenship of each of the members of defendant Affordable Inmate Services, LLC.

2. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Furthermore, the citizenship of an incarcerated person "should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 9 F.3d 1236, 1238 (7th Cir. 1993). It is not the state in which he is incarcerated. *Id.* at 1238. Kraybill has not alleged his own citizenship or the citizenship of defendants David Mains and Donna Daniel.

3. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. "The plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Kraybill has not made any allegations plausibly suggesting this action involves more than $75,000, even if the Court were to consider possible punitive damages.

The Court hereby **ORDERS** Kraybill to **SHOW CAUSE** on or before November 12, 2021, why this case should not be dismissed for lack of subject matter jurisdiction. Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Kraybill is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading. The Court reminds Kraybill that, if he is unable to adequately assert federal jurisdiction, he may file a lawsuit raising this matter in state court.

**IT IS SO ORDERED.**
**DATED: October 12, 2021**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**