IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KRAYBILL, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-01235-JPG |
| DAVID MAINS, DONNA DANIEL, and AFFORDABLE INMATE INMATE SERVICES, LLC, | ) ) ) ) ) |
|     Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Complaint and to Show Cause (Doc. 12).

Plaintiff David Kraybill filed this Complaint on October 8, 2021 under federal diversity jurisdiction. Plaintiff cites $260 in damages (Doc. 1). On October 12, 2021, this Court gave Plaintiff thirty days to property plead diversity jurisdiction under 28 U.S.C. § 1332(a) to bring his suit in federal court (Doc. 5). Specifically, Plaintiff failed to allege 1) the citizenship of each member of an unincorporated association; 2) the citizenship of an individual; 3) the requisite amount in controversy.

Specifically, regarding the amount in controversy requirement, diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. "The plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). After requesting an extension of time, Plaintiff filed a Motion to Amend Complaint and to Show Cause (Doc. 12). While Plaintiff properly alleges the citizenship

of each member of the unincorporated association and the citizenship of individuals, the Court finds that Plaintiff did not properly allege the requisite amount in controversy.

In Plaintiff's Motion to Amend Complaint and Show Case (Doc. 12), Plaintiff simply states "Plaintiff now sues for a minimum of seventy-five thousand dollars in damages, costs, and punitive damages, etc. In addition, Plaintiff seeks possible class-action status" because other inmates may have been affected. *Id.* at 1-2. Additionally, Plaintiff also states he may seek damages under "Racketeering, Influence, and Corrupt Organization (R. I. C. O) statutes in relation to civil forfeitures." *Id*. at 2. "[W]hen the amount in controversy is contested, the parties asserting federal jurisdiction must come forward with competent proof that they have satisfied the jurisdictional threshold and not simply point to the theoretical possibility of recovery for certain categories of damages." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 845 (7th Cir. 2009). Here, the Court finds that, even considering possible punitive damages, Plaintiff has not made additional allegations that plausibly suggest this action involves more than $75,000. Plaintiff's alleged loss from his $260 account could not possibly leave more than $75,000 in controversy between him and defendants.

Citing class action status does not save Plaintiff. Under 28 U.S.C. § 1332(d), district courts have jurisdiction over civil actions involving class actions where the amount in controversy exceeds $5,000,000. This would be entirely speculative. *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 (7th Cir. 2021) (finding not plausible plaintiffs alleging potentially thousands of class members, especially where they do not make any specific factual allegations or assertions). Additionally, citing RICO is cited as another "theoretical possibility of recovery" that cannot save Plaintiff from the jurisdictional defects. Citing class action status and allegations under RICO do not help Plaintiff.

Dismissal over failure to allege $75,000 is warranted only if it "appears to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (cleaned up). Here, the Court finds that Plaintiff's claim, to a legal certainty, is less than the jurisdictional amount. Therefore, dismissal is warranted.

The Supreme Court has long instructed that "federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Federal courts, as opposed to state courts of general jurisdiction, are limited in what cases may come before them.

Finding that this Court does not have jurisdiction over Plaintiff's action, the Court hereby DISMISSES Plaintiff's Complaint (Doc. 2) WITHOUT PREJUDICE and DENIES Plaintiff's Motion to Amend Complaint and Show Cause (Doc. 12). Further, the Court renders MOOT Plaintiff's Motion for Recruitment of Counsel (Doc. 4), and Motion to Compel Discovery (Doc. 13).

**IT IS SO ORDERED.**
**Dated: December 6, 2021**

                                                     **/s/ J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**